GEORGE B. SHELDON *vs.* WILLIAM B. KENDALL.

Under *St.* 1851, c. 233, §§ 98–109, it is the duty of the interrogated party, although · living out of the commonwealth, to take out the commission to take his signature, and oath, and answers to be filed by him, in reply to the interrogatories filed by the adverse party.

· BIGELOW, J. The question raised by this bill of exceptions has ceased to be of any practical importance beyond the de-

cision of the present case, because the provision in *St.* 1851, § 99, authorizing a commission to issue to take the signature and oath of a party out of the commonwealth to answers to interrogatories filed by an adverse party, has been repealed by the act of 1852, *c.* 312. We are of the opinion that under the provisions of the act of 1851, *c.* 233, §§ 98–109, inclusive, it is the interrogated party upon whom the duty is imposed of making, authenticating, and filing his answers. After the interrogatories are filed in due form, and notice thereof is given to him, he is made the actor. If he fails to answer, according to the requisitions of the act and the order of court, the penalty by section 109 is made to fall on him, by a nonsuit or default, as the case may be. In regard to a person within the commonwealth, it is clearly his duty to make, sign, and swear to his answers, and to file them in the clerk's office, the fees for which are to be paid by him, and if he prevails, taxed and recovered in the bill of costs. The same provision applies to parties residing out of the state, if a special order of the court is obtained requiring him to answer under section 98. They stand upon the same footing with parties in the state, so far as the duty of making and filing answers is imposed upon them. It is for them to comply with the order of court or submit to the penalty provided in section 109. It is, therefore, for the convenience of the interrogated party, that the statute provides for the issuing of a commission to take his signature and oath, if he is out of the commonwealth; so that he may duly authenticate his answers with convenience and despatch. Many instances might occur where a party out of the state might be so situated as not to be able to sign and make oath to his answers before a commissioner appointed by the governor of this commonwealth under Rev. Sts. *c.* 13, §§ 53, 55; and it was doubtless the intention of the legislature by providing for a special commissioner in such cases, to afford the interrogated party ready and easy means of complying with the requisitions of the statute. Whether within or without the commonwealth, it is the duty of the party, to whom the interrogatories are proposed, to bear the trouble and expense of making his answers according to law. Any other construc-

tion would place parties out of the state, litigating in our courts, on a better footing than our own citizens. The fallacy of the plaintiff's argument consists in his regarding the examination of a party under oath, in compliance with these provisions of the *St.* 1851, *c.* 233, as similar to taking the testimony of witnesses out of the state by depositions under a commission. But the proceedings are wholly different. The adverse party has no right or power under the aforesaid act to compel the interrogated party to make his answers. It is entirely voluntary with him whether he answers or not, but if he fails to do so, the action is subject to the order of court. Besides; the answers are not to be made before a magistrate or commissioner, as in the case of depositions. They are only to be signed and sworn to before him. The interrogated party has the right to make his answers when and as he pleases, under the advice and with the aid of his counsel at any time within the period fixed by the order of court. The whole proceeding is, therefore, one where the duty and mode of executing it is by the statute necessarily thrown upon the adverse party, and the party filing the interrogatories has neither the right or the power to interfere with it. The court below having ruled otherwise, the exceptions are sustained.

*G. M. Browne,* for the defendant.

*E. F. Hodges,* for the plaintiff.